UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re:
CYNTHIA M. JONES,                              Case No. 11-21536

    Debtor.                                     Chapter 7
                                                                  Hon. Daniel S. Opperman
_____/

CYNTHIA M. JONES,

    Plaintiff,
v.                                                        Adv. Proc. No. 11-2168
CITIZENS BANK

    Defendant.
_____/

OPINION REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the Court is the Motion for Partial Summary Judgment of Cynthia M. Jones, Plaintiff in this Adversary Proceeding. Plaintiff seeks to avoid what she characterizes as two transfers to Citizens Bank which are alleged to be preferences pursuant to 11 U.S.C. § 547. Defendant Citizens Bank contests this allegation and raises affirmative defenses to Plaintiff's action. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and E.D. Mich. LR 83.50. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F) (proceedings to determine, avoid, or recover preferences).

Facts

The following facts are not in dispute. On January 6, 2011, Defendant Citizens Bank obtained a judgment against Plaintiff in the amount of $135,999.97, as a result of Plaintiff's guarantee on a business loan in which she co-signed with her husband at the time, John M.

1

Jones. To collect on the Judgment, Citizens Bank set off Plaintiff's bank accounts in the amount of $4,086.98, on January 27, 2011, and on February 8, 2011, a court officer seized Plaintiff's 2006 Chrysler PT Cruiser vehicle, which was later sold at auction for $4,000.

Less than 90 days later, on April 26, 2011, Plaintiff filed this Chapter 7 bankruptcy petition. The Debtor commenced this adversary proceeding on July 15, 2011, seeking avoidance of the account set off and sale of the PT Cruiser as a preference under Section 547.

The parties first raised only one legal issue–whether the $4,086.98 account set off should be combined with the value of $4,000 for the vehicle sale and seizure, thus taking this transfer above the $5,850 minimum threshold exception found in Section 547(c)(9). The parties do not dispute that the debts at issue are not primarily consumer debts, because the majority of the debt, that is the debt owing to Citizens Bank, an undisputed judgment on a business loan, comprises approximately 70% of Plaintiff Debtor's scheduled unsecured debt.

At the November 17, 2011, hearing on the instant Motion, Plaintiff raised the additional argument that Congress intended that the amount of the $4,086.98 set off should still be considered for "aggregate value" purposes of the Section 547(c)(9) exception, even though such may not be considered a separate "transfer" for preference purposes under Section 547(b). Additionally, while Defendant did raise a diminution of the estate argument as a legal defense to Section 547(b)(5) in its response, Plaintiff did not seek summary judgment on this issue, nor did Defendant originally seek such by way of cross-motion for summary judgment. In its supplemental brief, however, Defendant now seeks summary judgment on this issue. The Court directed the parties to file supplemental, post-hearing briefs on the newly raised issues. The Court has considered the supplemental briefs and the record.

2

Summary Judgment Standard

Federal Rule of Civil Procedure 56 is made applicable in its entirety to bankruptcy adversary proceedings by Fed. R. Bankr. P. 7056. Rule 56(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The burden then shifts to the nonmoving party once the moving party has met its burden, and the nonmoving party must then establish that a genuine issue of material fact does indeed exist. *Janda v. Riley-Meggs Industries, Inc.*, 764 F. Supp 1223, 1227 (E.D. Mich. 1991). In other words, summary judgment may be appropriately granted where the issues in a particular case involve solely the application of law to undisputed facts. *Choate v. Landis Tool Co.*, 486 F. Supp. 774 (E.D. Mich. 1980).

Law and Analysis

The applicable statute is 11 U.S.C. 547(b) and (c), which sets forth the elements of a preference and exceptions to preferences. Section 547(b) states that:

the trustee may avoid any transfer of an interest of the debtor in property–

> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made–
> > (A) on or within 90 days before the date of the

3

filing of the petition; or
(B) between ninety days and one year before the
date of the filing of the petition, if such creditor at
the time of such transfer was an insider; and
(5) that enables such creditor to receive more than such creditor
would receive if–
(A) the case were a case under chapter 7 of this title;
(B) the transfer had not been made; and
© such creditor received payment of such debt to the extent
provided by the provisions of this title.

11 U.S.C. § 547(b) (emphasis added).

An exception is found in Section 547(c)(9), which states:

(c) The trustee may not avoid under this section a transfer–

    \* \* \* \*

(9) if, in a case filed by a debtor whose debts are not primarily consumer
debts, the aggregate value of all property that constitutes or is affected by
such transfer is less than $5,850.

The Plaintiff Debtor bears the burden of proof as to each element of Section 547(b), and the "creditor or party in interest against whom recovery or avoidance is sought has the burden of proving the nonavoidability of a transfer under subsection (c)" of Section 547. 11 U.S.C. § 547(g). Thus, as Citizens Bank is the party seeking to establish that an exception to Section 547(b) exists under Section 547(c)(9), it has the burden of proving this exception. However, as the moving parties for summary judgment purposes, the burdens respectively shift back to Plaintiff on the Section 547(c)(9) issue, and to Defendant on the Section 547(b)(5) issue, to establish that no genuine issue of material fact exists.

The Court first finds that there is no genuine issue of material fact that the set off of the $4,086.98 in account funds is not a "transfer" for preference purposes under Section 547(b). Under the case of *Claybrook v. Metro Auto Xpress, L.L.C. (In re American Remanufacturers,*

*Inc.)*, 2008 WL 2909871 (Bankr. D. Del. July 25, 2008), cited by Citizens Bank, and as discussed by Collier on Bankruptcy, a valid set off is not a "transfer" for Section 547 preference purposes:

> Setoffs--the simultaneous satisfaction of mutual debts by canceling one against the other--are likely not transfers. Although setoff was originally included in the definition of transfer in the original 1977 House bill, it was deleted in the Senate bill, and from the final legislation. "The effect [of the deletion] is that a 'setoff' is not subject to being set aside as a preferential 'transfer' but will be subject to special rules." As a result, at least in the area of preferences, courts have held that transactions that might constitute transfers but for fact that they involve setoffs are generally not governed by section 547.

Collier on Bankruptcy, ¶ 101.54[5] (citations omitted); *see also Braunstein v. Branch Group, Inc. (In re Massachusetts Gas & Elec. Light Supply Co.)* 200 B.R. 471, 472 (Bankr. D. Mass. 1996) (analyzing the legislative history of the definition of "transfer" found in Section 101(54) as applied to Section 549 of the Bankruptcy Code).

As set off involves the exchange of rights of debtor and creditor for both parties, in one case Defendant being the debtor (the accounts where it owes money to the Plaintiff), with the Plaintiff being the creditor, but in the other, the Plaintiff as a debtor, owes money to Defendant, the creditor, the transfer under Section 547 does not exist.

As to the issue of whether a set off, which is not a "transfer" for preference purposes, can nevertheless be included for purposes of calculating the "aggregate value" of property affected by such transfer pursuant to the $5,850 threshold amount under Section 547(c)(9), the Court concludes that the set off cannot be included for Section 547(c)(9) purposes. A logical reading of the statute dictates that if a set off is not a "transfer" for preference purposes, it has no effect on the preference analysis. This logic is reinforced by *French v. Bank One, Lima N.A. (n re*

5

*Rehab Project, Inc.)*, 238 B.R. 363 (Bankr. N.D. Ohio 1999). The *Rehab* Court held that:

> First, the statutory language of § 547(b) states that it only applies to "transfers," and under the Bankruptcy Code, a setoff is not included within the definition of a transfer. Second, even if a setoff could be considered a transfer under § 101(54), a valid prepetition setoff will not have a preferential effect for purposes of a § 547(b) analysis. This conclusion is based on the fact that since prepetition transfers made to fully secured creditors have no preferential effect, a prepetition setoff will likewise have no preferential effect since § 506(a) provides that a claim subject to setoff under § 553 is a secured claim "to the extent of the amount subject to setoff."

*Id*. at 372 (citations and footnotes omitted).

Even though the above conclusions are made as a matter of law, an issue of fact does remain as to the value of the Plaintiff Debtor's 2006 PT Cruiser and whether it meets the minimum threshold of $5,850 found in Section 547(c)(9). The Court notes that in order for Plaintiff to prevail in this preference action the value has to be at least this required minimum. The only evidence before the Court regarding the value of the 2006 PT Cruiser is the $4,000 auction sale price. The Court concludes that Plaintiff should have the right to establish that the value of the P.T. Cruiser was higher, which precludes summary judgment at this time. Plaintiff's Motion is, therefore, denied on this issue.

Defendant argues that it is entitled to summary judgment because Plaintiff cannot satisfy Section 547(b)(5). Defendant's position is based on the October 19, 2011, Order Authorizing Settlement of the Trustee's Objection to Exemption regarding Plaintiff's interest in her parents' trust for $17,500. As part of the settlement, the Plaintiff agreed to waive any exemption in these proceeds. The parties agree that the net benefit to the estate as a result of this settlement is approximately $15,000, after the Trustee's commission is paid. The Court also notes that the

6

Trustee has hired counsel in this case; thus legal fees and costs will likely also reduce this amount. Although the deadline to file claims was January 17, 2012, as for general creditors, governmental claims may still be filed. Per the Schedules, these priority claims total $4,004.94. To date, three claims totaling $139,669.28 have been filed. Defendant's claim is in the amount of $138,593.12, which is 99% of the total unsecured claims. The amount which Defendant would actually receive in a hypothetical Chapter 7 liquidation remains uncertain for two reasons: (1) the net benefit to the estate as a result of the settlement remains unknown; and (2) the total claims remain unknown until priority claims are filed and the Trustee finishes his administration of the bankruptcy estate. Thus, genuine issues of material fact exist as to Defendant's Section 547(b)(5) argument as well, and summary judgment is accordingly denied on this issue.

Defendant shall prepare and submit an appropriate order.

**Signed on February 01, 2012**

                                         **/s/ Daniel S. Opperman**
                                         **Daniel S. Opperman**
                                         **United States Bankruptcy Judge**