UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

    CYNTHIA M. JONES,                       Case No. 11-21536-dob
                                                      Chapter 7 Proceeding
            Debtor.                               Hon. Daniel S. Opperman
_____/

CYNTHIA M. JONES,

    Plaintiff,

v.                                                                          Adversary Proceeding
                                                                         Case No. 11-2168-dob

CITIZENS BANK,

    Defendant.
_____/

## Opinion

The Court conducted a Trial in this matter on March 19, 2012, and, after the close of proofs and oral arguments, took this matter under advisement. For the reasons stated in this Opinion, the Court finds that the 2006 Chrysler PT Cruiser has a value of less than $5,850 and that Defendant, Citizens Bank, has established a defense to Plaintiff's preference action under 11 U.S.C. § 547(c)(9).

## Facts

The Plaintiff, Cynthia Jones, signed a guarantee for commercial obligations connected to her ex-husband and owed to Defendant, Citizens Bank. After a default of this loan, Citizens Bank obtained a judgment against Plaintiff in the amount of $135,999.97. On February 8, 2011, a Court Officer seized Plaintiff's 2006 Chrysler PT Cruiser. After holding the 2006 Chrysler PT Cruiser for the requisite time, and after advertisement of the sale of the 2006 Chrysler PT Cruiser, Richard Robbins, the Court Officer assigned to liquidate the 2006 Chrysler PT Cruiser, sold it at public auction. As part of this process, Mr. Robbins received three bids of $2,800, $3,200, and $4,000.

Mr. Robbins accepted the highest bid from John Mall, a friend of the sister of Mr. Robbins.

On April 26, 2009, the Plaintiff filed her Chapter 7 bankruptcy petition with this Court and commenced this adversary proceeding on July 15, 2011, seeking avoidance of the sale of the 2006 Chrysler PT Cruiser as a preference under Section 547. In her Schedules, Ms. Jones stated that the value of the 2006 Chrysler PT Cruiser was $6,840. At Trial, Ms. Jones testified that she purchased the vehicle from her ex-husband and that he purposely looked for a vehicle that was in excellent condition. When she purchased the vehicle, she paid $8,000 for it and she kept excellent care of the vehicle until it was seized in February, 2011. Although Ms. Jones did not claim expertise in valuing vehicles, she testified that she did consult various sources such as the Kelley Blue Book and various NADA sources. On cross-examination, Ms. Jones admitted that she understood that Chrysler PT Cruisers depreciate at the rate of approximately $1,000 per year and that her 2006 Chrysler PT Cruiser could have depreciated anywhere from $2,000 - $3,000 since she purchased it.

The other witness who testified was Mr. Robbins, who outlined the procedure he follows to seize vehicles, advertise the vehicles, and then sell them. Mr. Robbins admitted that the procedure he follows is not the optimal procedure to obtain the highest value for a vehicle, but is consistent with Michigan law. Mr. Robbins also testified that he always tries to get at least wholesale value for a vehicle and that in this case, he thought that the value received for the vehicle was at least wholesale value. As indicated earlier, Mr. Robbins admitted that the vehicle was purchased by a friend of his sister.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F) (proceedings to determine, avoid, or recover preferences).

Analysis

11 U.S.C. § 547(b) and (c) govern this case. In order to establish a prima facia case, a plaintiff must show the following elements as mandated by 11 U.S.C. § 547(b):

the trustee may avoid any transfer of an interest of the debtor in property–

> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made–
> > (A) on or within 90 days before the date of the filing of the petition; or
> > (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if–
> > (A) the case were a case under chapter 7 of this title;
> > (B) the transfer had not been made; and
> > (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b) (emphasis added).

In response, the Defendant in this case claims a defense pursuant to 11 U.S.C. § 547(c)(9), which states in pertinent part:

> (c) The trustee may not avoid under this section a transfer –
>
> > (9) if, in a case filed by a debtor whose debts are not primarily consumer debts, the aggregate value of all property that constitutes or is affected by such a transfer is less than $5,850.

11 U.S.C. § 547(g) places the burden of proof on the Plaintiff for the Section 547(b) elements and on the Defendant as to the Section 547(c) elements.

Although the parties did argue whether Plaintiff proved all of the elements of Section 547(b) at both the hearing on Defendant's Motion for Summary Judgment and at Trial in this matter, the

Court sets aside that issue to first determine if the 2006 Chrysler PT Cruiser had a value of more than $5,850. In this case, the Court concludes that the 2006 Chrysler PT Cruiser did not have a value in excess of $5,850.

First, the Court notes that the 2006 Chrysler PT Cruiser was indeed sold at auction sale for $4,000. While this sale is questionable in that it was at an auction sale, which normally fetches distressed prices, the $4,000 sale price does represent a price and, more importantly, represents a price that was as a result of an active bidding process which raised the initial bid from $2,800 to $3,200, and ultimately to $4,000. That being said, the Court does question both the method of the sale, as well as the undisputed fact that the vehicle was sold to a friend of the sister of Mr. Robbins, which suggests that the bidding process could have been chilled.

With that observation, however, this Court would need to then determine that at least an extra $1,850 would have been bid for this 2006 Chrysler PT Cruiser. With the facts of this case, that conclusion is problematic. First, while Plaintiff estimated that her 2006 Chrysler PT Cruiser had a value of $6,840 because of its excellent condition, there is nothing specifically in the record that would support her conclusion. Although owners are allowed to testify as to the value of their property, their testimony must necessarily be viewed with some skepticism. Second, Plaintiff testified that she believed that her 2006 Chrysler PT Cruiser depreciated at the rate of at least $1,000 per year. Taking this depreciation rate into account, her 2006 Chrysler PT Cruiser would have a value of no more than $6,000 and at least $5,000 when it was seized by Citizens Bank. Assuming the higher value of $6,000, the Court is unable to conclude that the 2006 Chrysler PT Cruiser, after even the slightest adjustment for the cost of sale, condition, or market conditions, had a value in excess of $5,850.

The Court is mindful that the Defendant has the burden of proof as to the Section 547 (c)(9)

defense here. In analyzing the question of value, the Court does not use the sale price at the auction sale as the prima facia value, but is instead adjusting for the conditions of the sale, the possible chilling effect that Mr. Robbins' sister had in regard to the sale, and the very nature of Court ordered sales, and concludes that the 2006 Chrysler PT Cruiser had a value of more than $4,000, but less than $5,850.

For these reasons, the Court concludes that Defendant, Citizens Bank, has established the necessary defense pursuant to 11 U.S.C. § 547(c)(9). Judgment shall enter in favor of Defendant, Citizens Bank, and the relief requested of Plaintiff is denied.

Counsel for Defendant is directed to prepare an order consistent with this Opinion and present this order consistent with the rules of this Court.

**Not for publication**

```
Signed on August 10, 2012
                                           /s/ Daniel S. Opperman
                                          Daniel S. Opperman
                                          United States Bankruptcy Judge
```